**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KIMEYATTER POINTER, A MINOR**
**BY AND THROUGH NANCY POINTER**
**AS NEXT OF KIN AND NATURAL GUARDIAN**                      **PLAINTIFFS**

**VERSUS**                                             **CIVIL ACTION NO. 4:10CV2-P-S**

**NPC INTERNATIONAL, INC. d/b/a PIZZA HUT**

**ORDER**

This cause is before the Court on the plaintiff's Motion to Remand [7]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff originally filed this case in the County Court of Leflore County, Mississippi seeking recovery for injuries sustained when she allegedly contracted food poisoning after dining at defendant's restaurant. Defendant removed the case on grounds of diversity jurisdiction. The plaintiff filed a timely motion to remand which argued that remand is appropriate because the defendant cannot establish the requisite amount in controversy.[1]

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Still, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper" unless the plaintiff shows that at the time of removal

---

[1] There is complete diversity between the plaintiff and the defendant.

he was legally bound to accept a lesser sum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995).

Although the Complaint purports to limit recovery to compensatory damages of no more than $75,000 per plaintiff, defendant argues that this sum is not controlling. It also urges that it has demonstrated by a preponderance of the evidence that the actual amount in controversy is in excess of $75,000 and that such a showing is sufficient unless the plaintiff can demonstrate to a legal certainty that they are required to accept less.

Defendant relies on the plaintiff's deposition testimony and the nature of the Complaint to support its argument that the amount in controversy exceeds the jurisdictional amount. It points to other cases involving similar fact patterns and elements of damages as support for the proposition that plaintiffs' claim for compensatory damages exceeds $75,000. See Holmes v. Citi Financial Mortgage Company, Inc., 436 F. Supp.2d 829, 832 (N.D. Miss. 2006)(Mississippi juries are likely to award more than $75,000 for emotional distress, pain and suffering); Bussey v. E.S.C. Restaurants, Inc., 620 S.E.2d 764 (Vir. 2005)(verdict of more than $100,000 in food poisoning lawsuit). Moreover, plaintiff testified by deposition that she considered her claim to be worth as much as $100,000. The defendant has made a prima facie showing that the actual amount in controversy exceeds $75,000.

Therefore, the burden falls to plaintiff to demonstrate to a legal certainty that she will not be able to recover more than the damages sought in the ad damnum clause. The Court must conclude, based on the persuasive authority of Evans v. Lallande, 1997 WL 170318 (N.D. Miss. 1997), that plaintiff has failed to do so. Lallande recognized that "Mississippi limits the plaintiff's recovery to the amount pleaded but does not prohibit amendment of the initial ad damnum clause." Inasmuch

as plaintiff may assert a motion to amend pleadings even following entry of a judgment, it is possible that she could obtain a verdict in excess of the amount demanded in the Complaint and then move to amend the pleadings to conform with the jury award. Queen v. Queen, 551 So.2d 197, 201 (Miss. 1989). Plaintiff could have chosen to bind herself by filing a binding stipulation or affidavit with her complaint which limited her damages to the sum sought in the initial complaint. She did not do so. Accordingly, the Court concludes that defendant has satisfied the requirements of 28 U.S.C. § 1332 and this Court is free to exercise jurisdiction over the case.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [7] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the stay imposed by the Magistrate Judge pending a ruling on the instant motion is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge concerning the entry of a scheduling conference within ten (10) days of the entry of this Order.

SO ORDERED, this the 19$^h$ day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE